UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| LAMARR WOMACK & ASSOCIATES. L.P.; dba LWA ARCHITECTS, *et al*, | § § § § | |
| Plaintiffs, | § | |
| VS. | § | CIVIL ACTION NO. 2:18-CV-348 |
| LEXINGTON INSURANCE COMPANY, | § § § | |
| Defendant. | § | |

# **ORDER**

Having to defend against negligence, breach of contract, and fraud claims in connection with a gymnasium project, architects Lamarr Womack & Associates, LP (LWA), Albert Soto, and Rene White as representative of the Estate of Johnny White (Architects) filed a claim against LWA's insurance carrier, seeking a defense and indemnity pursuant to LWA's policy. D.E. 1, 1-3. The carrier, Lexington Insurance Company (Lexington), tendered a defense under a reservation of rights to dispute coverage, claiming that the Architects had notice of the claim prior to purchasing the insurance policy and failed to disclose it in their application. Lexington initiated an arbitration proceeding against the Architects, seeking a declaration that it owes the Architects neither a defense nor indemnity for the underlying claim. D.E. 1-5.

The Architects then filed this action, seeking a judicial determination of those issues and making a claim for breach of contract. Before the Court is "Lexington's Motion to Dismiss and, Subject Thereto, Lexington's Motion to Stay Action" (D.E. 6), challenging this Court's jurisdiction to adjudicate this case pursuant to Federal Rule of

Civil Procedure 12(b)(1). Lexington also seeks dismissal under Rule 12(b)(6), arguing that the Architects have failed to state a claim on which relief may be granted because of the arbitration agreement. Alternatively, Lexington asks that the Court stay this action and direct the parties to proceed with the pending arbitration. D.E. 1-5. For the reasons set out below, the Court GRANTS the motion and STAYS this action.

## DISCUSSION

A. **The Architect's Claim is Subject to Arbitration**

When a party challenges the court's jurisdiction on the basis of a binding arbitration agreement, the court ordinarily considers two questions: (1) whether there is a valid agreement to arbitrate between the parties; and (2) whether the claim falls within the scope of the arbitration agreement. *E.g. Fleetwood Enterprises, Inc. v. Gaskamp*, 280 F.3d 1069, 1073 (5th Cir. 2002).

**There is a Valid Arbitration Agreement**. According to the Supreme Court of Texas, "[a]lthough we have repeatedly expressed a strong presumption favoring arbitration, the presumption arises only after the party seeking to compel arbitration proves that a valid arbitration agreement exists." *J.M. Davidson, Inc. v. Webster*, 128 S.W.3d 223, 227 (Tex. 2003). Both parties concede that the arbitration agreement at issue here appears in the body of the insurance policy that governs this action. The Architects have not challenged the existence of the agreement, but only its scope. Thus, the fact that there is an agreement to arbitrate is undisputed.

**The Scope of the Arbitration Agreement is Arbitrable**. Ordinarily, whether a claim falls within the scope of the arbitration agreement is a question for the court.

*Crawford Prof'l Drugs, Inc. v. CVS Caremark Corp.*, 748 F.3d 249, 262 (5th Cir. 2014). Yet, "'[j]ust as the arbitrability of the merits of a dispute depends on whether the parties agreed to arbitrate that dispute, so the question "who has the primary power to decide arbitrability" turns upon what the parties agreed about that matter.'" *Petrofac, Inc. v. DynMcDermott Petroleum Operations Co.*, 687 F.3d 671, 675 (5th Cir. 2012) (quoting *First Options of Chicago, Inc. v. Kaplan*, 514 U.S. 938, 943 (1995)).

"[I]f the parties have clearly and unmistakably agreed to arbitrate arbitrability, certain threshold questions—such as whether a particular claim is subject to arbitration—are for the arbitrator, and not a court, to decide." *Crawford*, 748 F.3d at 262 (citing *Kaplan*, 514 U.S. at 944). The Supreme Court, very recently, stated:

> When the parties' contract delegates the arbitrability question to an arbitrator, a court may not override the contract. In those circumstances, a court possesses no power to decide the arbitrability issue. That is true even if the court thinks that the argument that the arbitration agreement applies to a particular dispute is wholly groundless.

*Henry Schein, Inc. v. Archer & White Sales, Inc.*, No. 17-1272, 2019 WL 122164, at *4 (U.S. Jan. 8, 2019).

It is well-settled that an arbitration clause "need not recite verbatim that the parties agree to arbitrate arbitrability in order to manifest clear and unmistakable agreement." *Hous. Ref., L.P. v. United Steel, Paper & Forestry, Rubber, Mfg., Energy, Allied Indus. & Serv. Workers Int'l Union*, 765 F.3d 396, 410 n. 28 (5th Cir.2014). Instead, express incorporation of the rules of the arbitration service constitutes "clear and unmistakable evidence" that the parties have agreed to arbitrate arbitrability. *Crawford*, 748 F.3d at 262–63 (citing *Petrofac*, 687 F.3d at 675). Here, the arbitration agreement incorporates

the Commercial Arbitration Rules of the American Arbitration Association (AAA). D.E. 1-2, p. 20. Those rules provide: "The arbitrator shall have the power to rule on his or her own jurisdiction, including any objections with respect to the existence, scope, or validity of the arbitration agreement or to the arbitrability of any claim or counterclaim." https://www.adr.org/sites/default/files/CommercialRules_Web.pdf.

Architects suggest, without benefit of authority, that the parties qualified the incorporation of the AAA rules in this arbitration agreement such that only procedural aspects of the rules—as opposed to jurisdictional aspects—are delegated to the arbitrator(s). They highlight the agreement's language, which reads, "With respect to procedural rules, the arbitrators shall be relieved of all judicial formality and shall follow the procedural rules applicable to the arbitration" as set forth in the AAA rules. D.E. 1-2, p. 20. The Court rejects this argument.

Therefore, the Court HOLDS that the parties have entered into an arbitration agreement. And whether the claim made in this case is included in the scope of the agreement is a matter for the arbitrator(s) to decide.

**B. The Remedy**

On its face, the complaint (D.E. 1) and its supporting documents state a claim within this Court's subject matter jurisdiction. However, Lexington's invocation of the arbitration agreement contained within the policy precludes this Court from granting relief on the merits of the claim. While permitted,[1] dismissal is not the prescribed

---

[1] *See generally, Fedmet Corp. v. M/V BUYALYK*, 194 F.3d 674, 678 (5th Cir. 1999) (holding that a stay must be granted if requested but that dismissal is also appropriate if all of the issues raised are subject to arbitration).

remedy to be issued when a lawsuit must be referred to arbitration. Instead, the Federal Arbitration Act states:

> If any suit or proceeding be brought in any of the courts of the United States upon any issue referable to arbitration under an agreement in writing for such arbitration, the court in which such suit is pending, upon being satisfied that the issue involved in such suit or proceeding is referable to arbitration under such an agreement, shall on application of one of the parties stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement, providing the applicant for the stay is not in default in proceeding with such arbitration.

9 U.S.C. § 3. There remains a dispute regarding the scope of the arbitration agreement and whether these claims fall within that scope. That matter is to be determined by the arbitrator(s). In light of the fact that the arbitrators could reject jurisdiction based on the scope of the arbitration agreement, the Court stays this action pending completion of the arbitration proceeding.

## CONCLUSION

For the reasons set out above, the Court GRANTS the motion (D.E. 6) and this action is STAYED pending completion of the arbitration proceeding. The parties are ORDERED to file with this Court on May 1, 2019, and every six months thereafter a status report setting out whether the arbitration proceeding remains pending, whether the dispute has been resolved, and whether this action may be dismissed.

ORDERED this 1st day of February, 2019.

_____
NELVA GONZALES RAMOS
UNITED STATES DISTRICT JUDGE